IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Anheuser-Busch LLC, a Missouri Limited liability company,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>Robert 'Chick' Fritz Inc.,  )<br>an Illinois corporation,  )<br>)<br>Defendant.  )<br>_____ ) | Case No. 3:17-cv-03023-RM-TSH<br><br>**JURY DEMAND** |

**DEFENDANT ROBERT 'CHICK' FRITZ INC.'S ANSWER,
AFFIRMATIVE DEFENSES, COUNTERCLAIMS IN WHICH EQUITABLE
RELIEF IS SOUGHT, AND DEMAND FOR JURY TRIAL**

Defendant Robert 'Chick' Fritz Inc. ("Chick Fritz"), by its attorneys, for its Answer and Affirmative Defenses to the Complaint filed by the plaintiff Anheuser-Busch LLC ("Anheuser-Busch"), Counterclaims in which Equitable Relief is Sought, and Demand for Jury Trial, states as follows:

**ANSWER TO COMPLAINT**

**"NATURE OF THE CASE"**

1.      Chick Fritz admits that its primary business is beer distribution and that it distributes brands including, among others, the Anheuser-Busch brand Stella Artios and the Bass, Beck's, Spaten, Franziskaner, and St. Pauli Girl families of beer.  Chick Fritz denies the remaining allegations in paragraph 1.

2.  Chick Fritz admits that Anheuser-Busch has acquired the rights to import the European Brands.  Chick Fritz lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 2 and denies them on that basis.

3.  Paragraph 3 calls for a legal conclusion to which no response is required.  Further answering, Chick Fritz denies the allegations in paragraph 3 to the extent that they imply that BIFDA allows brewers to terminate a wholesaler's distribution rights without good cause.

4.  Chick Fritz admits that it has not agreed to the termination of its distribution rights in the absence of good cause and that Section 7(1.5) of BIFDA is inapplicable.  Chick Fritz lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 4 and denies them on that basis.

5.  Chick Fritz admits that the total annual volume of beer products supplied by Anheuser-Busch to Chick Fritz represents less than 10% of the total annual volume of Chick Fritz's business for all beer products supplied by all brewers.  Chick Fritz denies the allegations in paragraph 5 to the extent that they imply that BIFDA does not require good cause to terminate a wholesaler's distribution rights. Chick Fritz denies the remaining allegations in this paragraph 5.

"PARTIES"

6.  Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and denies them on that basis.

7.  Chick Fritz admits that it is an Illinois corporation with places of business at 1000 Hazel Dell Road, Springfield, Illinois 62703, 2351 Mascoutah Avenue, Belleville, Illinois 62220, and 200 North Bellwood Drive, Alton, Illinois 62024.  Chick Fritz admits that the majority of the

products it distributes are not supplied by Anheuser-Busch. Chick Fritz denies the remaining allegations in paragraph 7.

## "JURISDICTION AND VENUE"

8. Chick Fritz admits that this is an action for declaratory judgment and that this Court has jurisdiction. Chick Fritz denies the remaining allegations in paragraph 8.

9. Chick Fritz admits the allegations in paragraph 9.

10. Chick Fritz admits the allegations in paragraph 10.

## "FACTS"

11. Chick Fritz admits the allegations in paragraph 11.

12. Chick Fritz admits the allegations in paragraph 12.

13. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13 and denies them on that basis.

14. Chick Fritz admits that Anheuser-Busch has acquired the rights to import the European Brands. Chick Fritz lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14 and denies them on that basis.

15. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15 and denies them on that basis.

16. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 16 and denies them on that basis.

17. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 17 and denies them on that basis.

18. Chick Fritz admits the allegations in paragraph 18.

19. Chick Fritz admits the allegations in paragraph 19.

20. Chick Fritz admits the allegations in paragraph 20.

21. Chick Fritz admits the allegations in paragraph 21.

22. Chick Fritz denies the allegations in paragraph 22

23. Chick Fritz denies the allegations in paragraph 23.

24. Chick Fritz denies the allegations in paragraph 24.

25. Chick Fritz denies the allegations in paragraph 25.

26. Chick Fritz denies the allegations in paragraph 26.

27. Chick Fritz admits the allegations in paragraph 27.

28. Chick Fritz admits the allegations in paragraph 28.

29. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 29 and denies them on that basis.

30. Chick Fritz admits that InBev USA was the prior importer of Stella Artois and the Bass and Beck's families of beers. Chick Fritz denies the allegations in paragraph 30 to the extent that they mischaracterize the written terms of the distributor agreements. Chick Fritz denies the remaining allegations in paragraph 30.

31. Chick Fritz admits that Barton Beers, Ltd., was the prior importer of St. Pauli Girl. Chick Fritz denies the allegations in paragraph 31 to the extent that they mischaracterize the written terms of the distributor agreements. Chick Fritz denies the remaining allegations in paragraph 31.

32. Paragraph 32 calls for a legal conclusion to which no response is required.

33. Paragraph 33 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations on that basis. Further answering, Chick Fritz denies that BIFDA allows for the termination of a wholesaler's distribution rights without good cause.

34.     Chick Fritz denies the allegations in paragraph 34 to the extent that they mischaracterize the statute's written terms.  Further answering, Chick Fritz denies that BIFDA allows for termination of a wholesaler's distribution rights without good cause.

35.     Paragraph 35 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations on that basis.  Chick Fritz denies the allegations in paragraph 34 to the extent that they mischaracterize the statute's written terms.  Further answering, Chick Fritz denies that BIFDA allows for termination of a wholesaler's distribution rights without good cause.

36.     Chick Fritz admits the allegations in paragraph 36.

37.     Paragraph 37 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations on that basis.  Further answering, Chick Fritz denies that BIFDA allows for termination of a wholesaler's distribution rights without good cause.

38.     Chick Fritz denies the allegations in paragraph 38 to the extent that they mischaracterize the statute's written terms.  Further answering, Chick Fritz denies that BIFDA allows for termination of a wholesaler's distribution rights without good cause.

39.     Chick Fritz denies the allegations in paragraph 39 to the extent that they mischaracterize the statute's written terms.  Further answering, Chick Fritz denies that BIFDA allows for termination of a wholesaler's distribution rights without good cause.

40.     Paragraph 40 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations on that basis.  Further answering, Chick Fritz denies that BIFDA allows for termination of a wholesaler's distribution rights without good cause.

41. Chick Fritz admits that BIFDA requires good cause to terminate a wholesaler's distribution rights and that plaintiff has no right to terminate Chick Fritz's distribution rights. Chick Fritz denies the remaining allegations in this paragraph 41.

42. Chick Fritz denies the allegations in paragraph 42.

43. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43 and denies them on that basis.

44. Chick Fritz admits that it received a letter from Anheuser-Busch dated December 22, 2014. Chick Fritz lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 44 and denies them on that basis.

45. Chick Fritz lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 45 and denies them on that basis.

46. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46 and denies them on that basis.

47. Chick Fritz admits that BIFDA requires good cause for a supplier to terminate a wholesaler's distribution rights. Chick Fritz lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 47 and denies them on that basis.

48. Chick Fritz admits that it received a letter dated January 10, 2017, from Anheuser-Busch and denies the allegations in paragraph 48 to the extent they mischaracterize the letter's written terms. Chick Fritz denies the remaining allegations in paragraph 48.

49. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 49 and denies them on that basis.

50. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 50 and denies them on that basis.

51. Chick Fritz lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 51 and denies them on that basis.

52. Chick Fritz denies the allegations in paragraph 52.

53. Chick Fritz admits that its attorney sent Anheuser-Busch a response letter dated January 23, 2017. Chick Fritz denies the allegations in paragraph 53 to the extent they mischaracterize its attorney's written response. Chick Fritz denies the remaining allegations in paragraph 53.

54. Paragraph 54 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations on that basis.

55. Chick Fritz's denies the allegations in paragraph 55 to the extent they mischaracterize its January 23, 2017 letter. Chick Fritz denies the remaining allegations in paragraph 55.

56. Chick Fritz admits the allegations in paragraph 56.

57. Chick Fritz denies the allegations in paragraph 57 to the extent they mischaracterize its January 23, 2017 letter. Chick Fritz denies the remaining allegations in paragraph 57.

## **COUNT ONE**

58. Chick Fritz reasserts and incorporates its answers to the allegations in paragraphs 1 through 57 for its response to the allegations in paragraph 58.

59. Chick Fritz denies the allegation in paragraph 59.

60. Chick Fritz denies the allegation in paragraph 60.

61. Chick Fritz admits the allegation in paragraph 61.

62. Chick Fritz denies the allegation in paragraph 62.

63. Chick Fritz admits the allegations in paragraph 63.

64. Paragraph 64 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations in paragraph 64 on that basis.

65. Paragraph 65 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations in paragraph 65 on that basis.

## COUNT TWO

66. Chick Fritz reasserts and incorporates its answers to the allegations in paragraphs 1 through 65 for its response to the allegations in paragraph 66.

67. Chick Fritz denies the allegations in paragraph 67.

68. Chick Fritz denies the allegations in paragraph 68.

69. Chick Fritz denies the allegations in paragraph 69 to the extent that they mischaracterize its written response.  Chick Fritz denies the remaining allegations in paragraph 69.

70. Paragraph 70 calls for a legal conclusion to which no response is required, and to the extent one is required, Chick Fritz denies the allegations in paragraph 70 on that basis.

Chick Fritz denies any remaining allegations not expressly admitted in this Answer, including without limitation plaintiff's prayer for relief.  Chick Fritz denies that plaintiff is entitled to any relief on any of plaintiff's claims.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred in whole or in part by the terms of BIFDA to the extent it applies to plaintiff's claims.

2. To the extent plaintiff's claims are based on provisions in written agreements that do not comply with, or are contradictory to, the protections of BIFDA, those claims and the written provisions on which they rely are barred by the terms of BIFDA.

## COUNTERCLAIMS

Defendant and Counter-Plaintiff Robert 'Chick' Fritz Inc., ("Chick Fritz"), by its attorneys, for its first counterclaims in which equitable relief is sought ("Counterclaims") against plaintiff and counter-defendant Anheuser-Busch LLC ("Anheuser-Busch"), states as follows:

## PARTIES

1.  Chick Fritz is an Illinois corporation with principal places of business in Springfield, Belleville, and Alton, Illinois. Chick Fritz is a family-owned and operated beer distributor in Southern Illinois.

2.  Anheuser-Busch is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. None of its members is a citizen or resident of Illinois. Anheuser-Busch is a brewer or importer of certain brands of beer that Chick Fritz distributes to retailers in certain territories in Illinois.

## JURISDICTION AND VENUE

3.  The Court has original subject matter jurisdiction of these Counterclaims under 28 U.S.C. 1332(a)(l), in that this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

4.  This Court also has supplemental jurisdiction of these Counterclaims under 28 U.S.C. § 1367 because they are so related to the claims asserted in the complaint that they form part of the same case or controversy under Article III of the United States Constitution.

5.  Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

## GENERAL ALLEGATIONS

6. Chick Fritz is the largest beer distributor in Southern Illinois.

7. Founded in 1947, in Mascoutah, Illinois, the company, including any predecessor-in-interest entities, has been family-owned and operated since its inception.

8. Despite its growth over the years, including the expansion of its portfolio of beers available for distribution, Chick Fritz prides itself on remaining Southern Illinois' "Friendly Distributor."

9. Chick Fritz owns the exclusive territory rights to distribute certain beer products supplied by Anheuser-Busch, including Stella Artois and the Bass, Beck's, Spaten, Frankziskaner, and St. Pauli Girl families of beer (the "European Beers") in certain territories in Illinois.

10. Although the European Beers constitute less than 10% of Chick Fritz's annual sales volume, their value to Chick Fritz's overall portfolio is immeasurable.

11. The European Beers are premium brands which add prestige to Chick Fritz's overall portfolio of beers and enhance the goodwill associated with Chick Fritz's business.

12. Indeed, retailer demand for premium brands, like the European Beers, increases the demand for other beer products in Chick Fritz's portfolio and strengthens Chick Fritz's relationships with its retail customers.

13. The European Beers also are some of the more profitable brands that Chick Fritz distributes.

14. In recent years, Anheuser-Busch has acquired the rights, and undertaken the obligations, to supply the European Beers to distributors throughout the country and in Illinois, including Chick Fritz.

15. As set forth in greater detail in the complaint above, Anheuser-Busch admittedly prefers to distribute the European Brands through its own network of Anheuser-Busch wholesalers ("AB Wholesalers") and discriminates against Chick Fritz solely because it is not an AB Wholesaler.

16. For example, Anheuser-Busch offers AB Wholesalers sales support and brand materials, such as advertising and marketing promotions, that help the AB Wholesalers build their businesses and sell more of the European Brands.

17. Chick Fritz has never been provided with comparable services.

18. Anheuser-Busch also authorizes AB Wholesalers to purchase certain products related to the European Brands, including without limitation branded signage, glassware, and related materials (the "Branded Materials") from third-party suppliers.

19. Anheuser-Busch refuses to authorize Chick Fritz to purchase the Branded Materials from these third-party suppliers. Because the third-party suppliers are often the exclusive source of the Branded Materials, Chick Fritz is unable to fulfill its retailers' requests to provide these items.

20. Anheuser-Busch also has placed Chick Fritz on a lower priority level to receive the European Brand beer products from Anheuser-Busch's product distribution centers. This means that AB Wholesalers receive their beer products, including the European Brands, before or on better terms than Chick Fritz.

21. On or before January 10, 2017, Anheuser-Busch purported to terminate Chick Fritz's rights to distribute the European Brands despite the absence of any good cause reason to do so.

22.     On January 23, 2017, Chick Fritz, through its counsel, objected to Anheuser-Busch's efforts to terminate Chick Fritz's distributor rights to the European Brands and demanded that Anheuser-Busch withdraw its purported termination notice.

23.     Anheuser-Busch responded by filing this lawsuit.

24.     In Illinois, the relationship between beer brewers and wholesalers is governed, in part, by the Illinois Beer Industry Fair Dealing Act ("BIFDA"), 815 ILCS 720/1.

25.     Section 9 of BIFDA authorizes a wholesaler to obtain injunctive relief from this Court against any violation of BIFDA.

26.     Section 9 also entitles the prevailing party in any action under BIFDA to actual damages, costs, and attorneys' fees.

## COUNT ONE
### (Violations of Section 5 of BIFDA)

27.     Chick Fritz incorporates and realleges paragraphs 1 through 26 as if fully set forth in this paragraph 27.

28.     Section 5 of BIFDA prohibits brewers from engaging in certain conduct including, among others:

   a. Requiring a wholesaler to assent to any unreasonable requirement, condition, understanding or term;

   b. Failing to provide each wholesaler of its brands a written contract which embodies the brewer's agreement with its wholesalers;

   c. Discriminating against a wholesaler by not making signs or advertising materials available to wholesalers when the brewer makes available such signs or advertising materials to other similarly situated wholesalers;

29.     Anheuser-Busch's above-described actions, including failing to provide Chick Fritz with written agreements, failing to provide sales support and brand materials, prohibiting Chick Fritz from purchasing the Branded Materials, and placing Chick Fritz on lower priority to receive product all constitute violations of Section 5 of BIFDA.

30.     As a direct and proximate result of Anheuser-Busch's misconduct, Chick Fritz has suffered and will continue to suffer actual, substantial, and irreparable harm, including without limitation, loss of customer goodwill and loyalty, diminution in the value of its business, damage to Chick Fritz's goodwill, and loss of competitive advantage.

31.     Chick Fritz has no adequate remedy at law because money damages alone cannot compensate Chick Fritz for the damage caused to its business as a result of Anheuser-Busch's discrimination against Chick Fritz.

32.     Absent injunctive relief enjoining Anheuser-Busch's misconduct, Anheuser-Busch's violations of Section 5 of BIFDA will continue to Chick Fritz's irreparable harm.

## COUNT TWO
### (Violations of Section 4 of BIFDA)

33.     Chick Fritz incorporates and realleges paragraphs 1 through 32 as if fully set forth in this paragraph 33.

34.     Section 4 of BIFDA prohibits any brewer from canceling, failing to renew, or otherwise terminating a distributor agreement without good cause.

35.     Through its letter dated January 10, 2017 and this lawsuit, Anheuser-Busch has threatened or purported to terminate Chick Fritz's exclusive rights to distribute the European Brands in Illinois.

36. Anheuser-Busch admittedly purported to terminate Chick Fritz's rights to distribute the European Brands without cause and for the sole purpose of transferring Chick Fritz's rights to Anheuser-Busch's preferred wholesalers.

37. Anheuser-Busch's attempt to terminate Chick Fritz's rights to distribute the European Brands without cause constitutes a violation of Section 4 of BIFDA.

38. As a direct and proximate result of Anheuser-Busch's violation of Section 4 of BIFDA, Chick Fritz has suffered and will continue to suffer actual, substantial, and irreparable harm, including without limitation, loss of customer goodwill and loyalty, diminution in the value of its business, damage to Chick Fritz's goodwill, and loss of competitive advantage.

39. Chick Fritz has no adequate remedy at law because money damages alone cannot compensate Chick Fritz for the damage caused to its business as a result of losing the distribution rights to the European Brands.

40. Absent injunctive relief enjoining Anheuser-Busch's misconduct and an order prohibiting Anheuser-Busch from terminating Chick Fritz's distribution rights without good case, Anheuser-Busch's violations of Section 4 will continue to Chick Fritz's irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE Chick Fritz demands judgment in its favor and against Anheuser-Busch as follows:

A. An injunction prohibiting Anheuser-Busch from canceling, not renewing, or otherwise terminating Chick Fritz's rights to distribute the European Brands in the territories exclusively assigned to Chick Fritz;

B. An injunction prohibiting Anheuser-Busch from discriminating against Chick Fritz by failing to treat Chick Fritz the same as other similarly situated wholesalers.

C.  An injunction prohibiting Anheuser-Busch from otherwise violating Sections 4 and 5 of BIFDA.

D.  An award of actual damages caused by defendant's violation of BIFDA in an amount to be determined at trial;

E.  An award of costs and expenses, including reasonable attorneys' fees, incurred by Chick Fritz in connection with this action;

F.  Such other and further relief as the Court deems necessary or appropriate.

Dated: April 21, 2017                                    Respectfully submitted,

**Robert 'Chick' Fritz Inc.**

By: /s/   Aaron-Michael Sapp
        One of its Attorneys

Fredric A. Cohen (ARDC #6198606)
Aaron-Michael Sapp (ARDC # 6297528)
CHENG COHEN LLC
311 N. Aberdeen Street, Suite 400
Chicago, IL 60607
(312) 243-1717
fredric.cohen@chengcohen.com
asapp@chengcohen.com
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2017, a true and correct copy of the foregoing ROBERT 'CHICK' FRITZ INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS IN WHICH EQUITABLE RELIEF IS SOUGHT, AND JURY DEMAND was filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/*Aaron-Michael Sapp*